UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Denis Pyatro Ranonis, | ) | C/A No. 2:24-cv-01620-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | **AND** |
| Merrick B. Garland, Alejandro Mayorkas, | ) | |
| and Ur M. Jaddou, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action by Plaintiff Denis Pyatro Ranonis, a pro se litigant. Under 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been

referred to the assigned United States Magistrate Judge.

By Order filed July 3, 2024, service was authorized on Defendants. ECF No. 8. In the

Order, the Court advised Plaintiff that:

> **Plaintiff is responsible for service of process and shall serve the Complaint on the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Additionally, Plaintiff must serve a copy of the Complaint on the United States Attorney for the District of South Carolina and a copy of the Complaint on the Attorney General of the United States under Rule 4(i).**

*Id.* at 2 (emphasis in original). The Court further advised:

> Plaintiff has 90 days from the date on which the summonses are issued to serve Defendants in compliance with Rule 4. **Under Rule 4(m), unless a Defendant is served within 90 days after the summonses are issued as directed by this Order, that particular unserved Defendant may be dismissed without prejudice from this case.**

*Id.* (emphasis in original).

The summonses were issued by the Clerk of Court and mailed to Plaintiff, along with a

copy of the Order, on July 3, 2024. ECF Nos. 8–10, 12. Therefore, the time for service began to

run on July 3, 2024, and the ninety-day period for service provided by Rule 4 expired on October 1, 2024. However, Plaintiff has failed to file any documents with the Court indicating that service has been executed.

Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Therefore, unless Plaintiff has made proper service on Defendants or can show good cause for failure to serve, this case is subject to dismissal.

**Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, Plaintiff is to provide the Court with proof of service on Defendants, or present good cause to the Court for any failure to serve Defendants, within fourteen (14) days of the filing of this Report and Recommendation. Failure to do so may result in this case being dismissed.**

## CONCLUSION

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on any Defendant, then in that event **IT IS ORDERED** that this Report and Recommendation be **VACATED**, and that the file be returned to the undersigned for further proceedings. However, in the event Plaintiff fails to submit to the Court proof of service on the Defendants, or to demonstrate good cause for having failed to do so,[1] within the time granted

---

[1] In the event Plaintiff has failed to serve the Defendants with service of process but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation.

herein, it is **RECOMMENDED** that this case be **DISMISSED**, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**The parties are referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

October 30, 2024
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).