# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Denis Pyatro Ranonis, <br><br> Plaintiffs, <br> v. <br><br> Merrick B. Garland, Alejandro Mayorkas, and Ur M. Jaddou, <br><br> Defendant. | Case No. 2:24-cv-01620-RMG <br><br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss the case without prejudice because Plaintiff failed to submit to the Court proof of service on the Defendants. (Dkt. No. 13). For the reasons set forth below, the Court adopts the R & R as the order of the Court and the case is dismissed without prejudice.

**I.    Background**

On April 1, 2024, Plaintiff filed a *pro se* Complaint requesting declaratory and injunctive relief regarding his Petition for Adjustment of Status to Permanent Residence (Form I-485). (Dkt. No. 1). On July 3, 2024, the Magistrate Judge authorized service of process and direct the Clerk to issue a summons to Plaintiff for service upon Defendants. (Dkt. No. 8). There is no evidence that Plaintiff ever effectuated service. On October 30, 2024, the Magistrate Judge issued an R & R and advised Plaintiff to provide the Court with proof of service on Defendants or present good cause for failure to do so, within fourteen days and recommended dismissing the case if Plaintiff failed to do so. (Dkt. No. 13). The time for service of the Complaint and objections to the R & R has now passed. As of the date of this order, Plaintiff failed to provide the Court with proof of service on Defendants or present good cause for such failure.

## II.   Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R that a plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### III. Discussion

The Magistrate Judge issued an order authorizing service upon receipt of Plaintiff's complaint. The order specifically advised Plaintiff that she is responsible for service of process. (Dkt. No. 8). Federal Rule of Civil Procedure Rule 4(m) states that "[i]f a defendant is not served within ninety (90) days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The time for service began to run on July 3, 2024, and the ninety (90) day period for service provided by Rule 4(m) expired on October 1, 2024. The Magistrate granted Plaintiff an additional fourteen days to submit proof of service after filing the R & R on October 30, 2024, warning Plaintiff that the failure to properly serve the complaint would result in this case being dismissed. (Dkt No. 13.) Plaintiff failed to provide the Court with proof of service or present good cause to the Court for failure to serve the Defendant. Therefore, the case is dismissed. *See* Fed.R.Civ.P. 4(m).

### IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 11) is **ADOPTED** as the Order of the Court, and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

November 26, 2024  
Charleston, South Carolina

3